INMAN, Judge.
The State appeals from an order dismissing its prosecution of Lauren Elise Seeman ("Defendant") for lack of subject matter jurisdiction. After careful review of the record and applicable law, we affirm in part, reverse in part, and remand.
Factual and Procedural Background
Resolution of this appeal is controlled by this Court's decision in State v. Baker , --- N.C. App. ----, --- S.E.2d ---- (Dec. 18, 2018) (No. COA18-527). As in Baker , the State's appeal arises from an impaired driving prosecution involving the same prosecutor and defense attorney and the same procedural posture. Because this appeal involves a different defendant and different facts underlying the impaired driving prosecution, we briefly recite the factual and procedural history below.
Defendant was arrested and charged with impaired driving by uniform citation on 7 August 2015 in Pitt County. A grand jury returned a presentment and indictment on the charge in superior court on 27 February 2017. The parties stipulated that the submission and return of the presentment and indictment against Defendant "proceeded in an identical fashion" as the procedure performed in Baker . On 3 July 2017, Defendant filed a motion to dismiss, mirroring the argument in Baker that the presentment and indictment were invalid and did not convey subject matter jurisdiction over the action to the Pitt County Superior Court. Defendant's motion was heard by the superior court on 11 December 2017 and, following the arguments of counsel, the trial court granted the motion. The trial court entered its written order dismissing the action on 11 December 2017, and the State timely appealed.
Analysis
As noted supra , the legal issue on appeal in this case is identical to that resolved by our decision in Baker . Consistent with that opinion, we affirm the trial court's determinations that it lacked subject matter jurisdiction and that the prosecution violated Sections 7A-271 and 15A-641 of our General Statutes and Article I, Section 22 of the North Carolina Constitution without addressing the prejudice of that constitutional violation. Also for the reasons set forth in Baker , we reverse the trial court's determination that Defendant's constitutional rights under Article I, Sections 19 and 23 of the North Carolina Constitution were violated. Finally, because, like in Baker , the State at no point indicated that it had dismissed or discontinued the district court action and the superior court never obtained subject matter jurisdiction over the prosecution,[1] we reverse the dismissal of the case and remand for entry of an order transferring the case back to district court.
AFFIRMED IN PART; REVERSED IN PART; REMANDED FOR FURTHER PROCEEDINGS.
Report per Rule 30(e).
Judges BRYANT and DAVIS concur.

Defendant argues that the State's actions amount to a nolle prosequi insofar as they constitute the functional equivalent of a dismissal. See State v. Hickey , 317 N.C. 457, 464 n.3, 346 S.E.2d 646, 651 n.3 (1986) ("A nolle prosequi was formerly used by a solicitor [now district attorney] to announce that he did not wish to proceed further with a particular prosecution and would not at that time prosecute the defendant on that charge." (citation omitted) (brackets in original)). Defendant cites two published cases for this proposition. The first, State v. Courtney , 25 N.C. App. 351, 213 S.E.2d 403 (1975), sets forth the definition of nolle prosequi in the context of purported violations of the defendant's right to a speedy trial where the State expressly entered a nolle prosequi on the record; it is therefore inapposite as to the substantive law. The second case, State v. Cole , --- N.C. App. ----, --- S.E.2d ----(Nov. 20, 2018) (No. COA18-286), was held inapposite in Baker for reasons that are no less applicable here.